Filed 9/4/24  P. v. Jansen CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL EDWARD JANSEN,<br><br>　　　Defendant and Appellant. | A170082<br><br>(Sonoma County Super. Ct. No. SCR-565926-1) |

Michael Edward Jansen appeals after the trial court denied his postconviction motion to vacate judgment (Pen. Code, § 1473.7).[1]  His appointed counsel on appeal filed a brief raising no issues but seeking our independent review of the record, citing *People v. Wende* (1979) 25 Cal.3d 436.  *Wende* does not apply to a defendant's appeal from the denial of postconviction relief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221-222, 226-227, 231 (*Delgadillo*).)  However, we have exercised our discretion to independently review the record (*id.* at p. 232), and we affirm.

**BACKGROUND**

**A.**

In 2009, Jansen entered a plea of no contest to charges that he inflicted corporal injury upon a cohabitant (§ 273.5, subds. (a), (b)(2)), made criminal threats (§ 422), and threatened a peace

---

[1]  Undesignated statutory references are to the Penal Code.

1

officer (§ 69). He also admitted enhancement allegations that he had served two prior prison terms (§ 667.5, former subd. (b)).

The trial court sentenced Jansen to an aggregate term of six years eight months in state prison, suspended execution of sentence, and placed Jansen on formal probation for four years. After Jansen repeatedly violated the terms of his probation, the court, in July 2011, executed Jansen's previously suspended prison sentence. Jansen filed an appeal and this court modified the amount of imposed fines.

## B.

In 2022, Jansen moved (in propria persona) to vacate the judgment, pursuant to section 1473.7, subdivision (a)(2).[2] He asserted his actual innocence, that the complaining witness (his ex-girlfriend) had lied, and that he only pled no contest so that he could be released from jail to care for his son. Counsel was initially appointed to represent Jansen. However, the court later accepted Jansen's waiver of his right to counsel (*Faretta v. California* (1975) 422 U.S. 806), set the matter for hearing, and found good cause for Jansen to attend remotely (via Zoom).

After the hearing, the trial court denied the motion, stating that Jansen failed to carry his burden to establish actual innocence.

## DISCUSSION

Jansen was advised by his appellate counsel of the right to file a supplemental brief within 30 days of the date of filing the

---

[2] "A person who is no longer in criminal custody" may move to vacate a conviction or sentence if "[n]ewly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice." (§ 1473.7, subd. (a)(2).) An order granting or denying a section 1473.7 motion is appealable. (*Id.*, subd. (f); *People v. Tapia* (2018) 26 Cal.App.5th 942, 949.)

opening brief.  But after more than 30 days, we have received no letter or brief from Jansen.

Because the instant appeal is from an order denying postjudgment relief rather than a first appeal as of right from a criminal conviction, we are not required to undertake an independent review of the record in search of arguable issues. (See *Delgadillo, supra*, 14 Cal.5th at p. 226.)  Nonetheless, because Jansen's counsel failed to mention *Delgadillo,* or inform Jansen that he could abandon his appeal by failing to file a supplemental brief (*id.* at p. 233), we have conducted a discretionary independent review of the record.  (*Id.* at pp. 226, 232.)  After independently reviewing the record, we conclude there are no arguable errors that would result in a disposition more favorable to Jansen.

### DISPOSITION

The order denying Jansen's motion to vacate the judgment, under section 1473.7, subdivision (a)(2), is affirmed.

BURNS, J.

WE CONCUR:


JACKSON, P. J.
CHOU, J.

*P. v. Jansen (A170082)*

3